SCHOTT, Judge,
concurring:
Appellees contend that the decedent’s promise in the antenuptial to make appellant the beneficiary in his will is in violation of public policy so that she may not recover damages for the breach of the contract. If that is the correct resolution of the controversy, the solution was not reached until the trial judge and the judges of this court had the opportunity to hear and consider extensive erudite briefs and eloquent arguments. To tell appellant that her contract is unenforceable because decedent’s promise, after all and in retrospect, is contrary to public policy seems unfair and inequitable. In any event, I am not persuaded that appellant is precluded from collecting damages for breach of ths contract on this contra bonos mores theory.
However, assuming that the contract is unenforceable for this reason, there are numerous cases in which recovery has been allowed to a person who performs valuable services to another in consideration of the promise of the beneficiary that remuneration for these services would be provided for in his will, and where such provision is not made as promised. Longino v. Longino, 169 So. 186 (La.App. 2d Cir.1936) and cases cited therein. Recovery in these cases has been allowed on the theory of quantum meruit or quasi contract, and appellant did not plead this as a basis of recovery. However, since the grounds of appellees’ exception may be removed by amendment of the petition the trial court erred in sustaining the exception and failing to order an amendment. C.C.P. art. 934.
This case contains an unadressed procedural problem. The judgment before us is in favor of various legatees. As stated in the majority opinion the trial court originally overruled the exception filed by appel-lees but reversed itself on rehearing and sustained their exceptions. The court overruled the identical exception of no cause of action filed by the Succession and its executor but they did not ask for a rehearing and that judgment stands. They have filed an answer in the trial court and joined issue with appellant. In my view the proper party against whom appellant must assert her claim is the Succession representative and not the appellees who are legatees under the will. Ordinarily this would lead me to dissent and say the suit against the legatees was properly dismissed; but because the trial judge in his reasons for dismissing the suit against the legatees stated that appellant has “no cause of action. ... to be recognized as a creditor of the succession” I join my colleagues in reversing the judgment of the trial court and remanding the case for further proceedings.